UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL KENNETH HADDEN,
    Plaintiff,

v.

STEVE KERNAN, et al.,
    Defendants.

Case No. 16-cv-02686-JCS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a California state prisoner proceeding pro se, has filed this federal civil rights action under 42 U.S.C. § 1983 and other statutes in which he alleges medical staff at Salinas Valley State Prison provided constitutionally inadequate medical care. After conducting a review under 28 U.S.C. § 1915(e), the Court DISMISSES the complaint with leave to file an amended complaint on or before August 15, 2016.[1]

## DISCUSSION

**A.   Standard of Review**

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

---

[1] Plaintiff consented to magistrate judge jurisdiction. (Docket No. 6.) The magistrate judge, then, has jurisdiction to issue this order, even though defendants have not been served or consented to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

**B.    Legal Claims**

Plaintiff alleges claims under 42 U.S.C. §§ 1983-1985 and various state laws.

**1.  Section 1983**

**(a)    Claims Against Medical Staff**

Plaintiff alleges that from 2009 to 2011 and in 2013, Drs. Gamboa, E. Sullivan, M. Danial, K. Kumar, each at times plaintiff's primary care physician at Salinas Valley State Prison, violated his Eighth Amendment rights by failing to provide appropriate medications. He also alleges that E. Golding, a nurse; M. Sepulveda, Chief Medical Officer; G. Ellis, Chief Executive Officer; and L.D. Zamora failed to intervene when they reviewed plaintiff's complaints about his physicians' treatment.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

When liberally construed, plaintiff has stated claims against Drs. Gamboa, E. Sullivan, M. Danial, K. Kumar, M. Sepulveda, G. Ellis, and L.D. Zamora. These claims, though cognizable, must be realleged in the amended complaint. If they do not appear in the new complaint, they will be deemed waived.

He claims that E. Golding, a nurse, also failed to intervene. However, he fails to

2

state what her job at Salinas Valley is or how she was in a position to approve or alter plaintiff's treatment. Accordingly, the claim against Golding is DISMISSED with leave to amend.

### (b)    Claims Against Supervisory Personnel

Plaintiff's claims against the supervisory defendants (R.T.C. Grounds, Warden; W.L. Muniz, Acting Warden; J.A. Beard, Secretary of the California Department of Corrections and Rehabilitation; M. Sepulveda, Chief Medical Officer at Salinas Valley; A. Adams, Chief Medical Executive Officer at Salinas Valley; and D. Bright, Chief Primary Health Care Provider at Salinas Valley) are DISMISSED with leave to amend. The allegations against them are not only conclusory, they fail to show liability arising from the alleged acts of those they supervise.

The Court instructs plaintiff to carefully consider the following. It is very difficult to plead claims against persons based on their role as supervisors, especially where, as here, there are no facts showing, as opposed to speculating, that any of these defendants had a personal involvement in any of the allegedly unconstitutional acts. There is no respondeat superior liability under § 1983, *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), which means that a person is not automatically held responsible simply because he or she is a supervisor of an employee who commits a wrong. It is not enough that the supervisor merely has a supervisory relationship over the defendants; <u>the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them."</u> *Id.* (emphasis added). Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 556 U.S. at 675-82. There is nothing in the complaint that indicates personal knowledge or involvement.

It is recommended that plaintiff focus his allegations on the persons he had direct contact with, such as prison guards. He is encouraged to carefully consider the following

when amending his complaint. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.*

Steve Kernan is listed as a defendant in the caption, but the complaint contains no allegations against him. Accordingly, he is DISMISSED as a defendant. If plaintiff wishes to pursue claims against Kernan, he must provide legally sufficient allegations in his amended complaint.

### 2. Section 1984

This is not an operative statute. Sections one and two of 42 U.S.C. § 1984 were declared unconstitutional by the Supreme Court. *United States v. Singleton*, 109 U.S. 3 (1883). Sections three and four were repealed by Congress in 1948. Accordingly, plaintiff's claims under section 1984 are DISMISSED WITH PREJUDICE.

### 3. Section 1985

Plaintiff alleges in a conclusory fashion that defendants conspired to violate his constitutional rights. He seeks relief under 42 U.S.C. § 1985(3).[2] "The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citation omitted). "A mere allegation of conspiracy without factual specificity is insufficient."

---

[2] He does not specify that his claim is brought under subpart (3), but the Court assumes he means to. The other two subparts are inapplicable. Section 1985(1) provides a cause of action for preventing or impeding an officer of the United States from performing his or her duties. *See Kush v. Rutledge*, 460 U.S. 719, 724 (1983). Section 1985(2) provides a cause of action for conspiracy to obstruct justice in the federal or state courts or to intimidate a party, witness or juror in connection therewith. *Id.* at 724-27.

4

*Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988); *see Steshenko v. Albee*, 442 F. Supp. 3d 1281, 1294 (N.D. Cal. 2014) (conspiracy allegations under section 1985(3) found insufficient because plaintiff failed to allege a specific agreement between defendants; the scope of the conspiracy; each defendant's role in the conspiracy; when and how the conspiracy operated; and what action was taken in furtherance of that conspiracy).

Plaintiff fails to state a claim. Alleging in a conclusory fashion that defendants conspired to violate his rights is a "formulaic recitation of the elements of a cause of action," and therefore is insufficient to plead a claim. *Twombly*, 550 U.S. at 555 (internal citations omitted). He fails to allege a <u>specific</u>, as opposed to an assumed, agreement to deprive him of his rights, the scope of the conspiracy, what each defendant's specific role in the conspiracy was, etc. The present allegations rest on speculation. It is insufficient to say that because defendants all violated his right to adequate medical care, there necessarily was a conspiracy to violate that right. Accordingly, his claims under section 1985 are DISMISSED with leave to amend.

### 4. State Law Claims

Plaintiff's state law claims will be dismissed. First, his claims under California Business and Professions Code section 17200 are DISMISSED because they are insufficiently related by law or fact to his medical treatment claims. Plaintiff may wish to raise such claims in a state court action.

Second, his claims under California's penal code are DISMISSED WITH PREJUDICE because only the government can file criminal charges.

## CONCLUSION

The complaint is DISMISSED with leave to amend. **Plaintiff shall file an amended complaint on or before August 15, 2016.** The first amended complaint must include the caption and civil case number used in this order (16-2686 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. It must address all deficiencies discussed above. Because an amended complaint completely replaces the previous

complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Any claims not raised in the amended complaint will be deemed waived. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:** July 12, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KENNETH HADDEN,<br><br>    Plaintiff,<br><br>v.<br><br>STEVE KERNAN, et al.,<br><br>    Defendants. | Case No. 16-cv-02686-JCS<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on July 12, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Kenneth Hadden ID: J-31769
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: July 12, 2016

                                     Susan Y. Soong
                                     Clerk, United States District Court

                                     By: /s/ Karen L. Hom
                                     Karen Hom, Deputy Clerk to the
                                     Honorable JOSEPH C. SPERO