UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KENNETH HADDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>A. ADAMS, et al.,<br><br>    Defendants. | Case No. 16-CV-2686 LHK (PR)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 34, 45 |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983, alleging that defendants were deliberately indifferent to his serious medical needs.[1] Defendants Dr. Gamboa, Dr. M. Danial, Dr. K. Kumar, Chief Medical Officer ("CMO") M. Sepulveda, Chief Executive Officer ("CEO") G. Ellis, Chief of Inmate Appeals L.D. Zamora, Chief Medical Executive Officer ("CMEO") A. Adams, and CEO D. Bright have filed a motion to dismiss for failure to state a claim.[2] Plaintiff has filed an opposition, and defendants have filed a

---

[1] On February 15, 2017, this case was reassigned to the undersigned judge.
[2] Defendant Dr. E. Sullivan has not yet been successfully served in this case and thus takes no part in defendants' underlying motion.

reply. Plaintiff has also filed a motion for sanctions, to which defendants have filed an opposition. Plaintiff has filed a reply. For the reasons stated below, the court denies defendants' motion to dismiss, and denies plaintiff's motion for sanctions.

**BACKGROUND**

In its order of service, the court found that plaintiff stated a cognizable claim that defendants Dr. Gamboa, Dr. E. Sullivan,[3] Dr. M. Danial, Dr. K. Kumar, Chief Medical Officer ("CMO") M. Sepulveda, Chief Executive Officer ("CEO") G. Ellis, Chief of Inmate Appeals L.D. Zamora, Chief Medical Executive Officer ("CMEO") A. Adams, and CEO D. Bright were deliberately indifferent to plaintiff's serious medical needs.

According to the complaint, plaintiff suffers from chronic pain and had been receiving a variety of pain medication since at least June 26, 2009. Compl. at 9. On August 13, 2009, Dr. Danial became plaintiff's primary care physician. *Id.* at 17. Although Dr. Danial prescribed pharmacological pain management, Dr. Danial deliberately failed to treat plaintiff's physical and psychological degenerative and debilitative state. *Id.* at 17-18. On December 14, 2009, Dr. Kumar discontinued plaintiff's pain management treatments without any reason and although chronic pain management protocol indicated a referral to a specialist, Dr. Kumar did not do so. *Id.* at 17.

On December 1, 2011, Dr. Gamboa cancelled plaintiff's regular pain management regimen without any medical reasoning. *Id.* at 9-10. Dr. Gamboa stated that the cancellation was ordered by Dr. Bright. *Id.* at 10. Plaintiff has since experienced daily moderate to severe pain that has been ignored. *Id.* at 12. CMO Sepulveda, CEO Ellis, CMEO Adams, and Chief of Inmate Appeals Zamora reviewed plaintiff's grievances complaining about plaintiff's medical treatment, but failed to correct the problem. *Id.* at 14, 16-17. Plaintiff alleged that when defendants treated

---

[3] As stated above, Dr. Sullivan has not yet been successfully served in this case and thus takes no part in defendants' underlying motion.

Case No. 16-CV-2686 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR SANCTIONS

2

plaintiff's condition, defendants only used pharmacological treatment and did not consider any other options, and then, when that did not work, defendants diagnosed plaintiff with "overwhelming chronic pain syndrome," and "discontinued all chronic pain management, conducted no further medical examinations," and refused to examine any new medical complaints. *Id.* at 19.

The court concluded that, liberally construed, plaintiff's complaint stated a cognizable claim that defendants were deliberately indifferent to plaintiff's serious medical needs.

## MOTION TO DISMISS

I. Standard of Review

Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. A dismissal under Rule 12(b)(6) is generally proper only where there "is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.

Case No. 16-CV-2686 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR SANCTIONS

3

2001).

In addition, when resolving a motion to dismiss for failure to state a claim, courts may not generally consider materials outside of the pleadings. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Id.* This precludes consideration of "new" allegations that may be raised in a plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6). *Id.* (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)).

II. Analysis

Defendants move to dismiss plaintiff's complaint because it fails to state a cognizable claim against defendants; the statute of limitations has expired; and the supervisory defendants are entitled to qualified immunity. The court addresses each argument below.

A. Failure to state a claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). The presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must

Case No. 16-CV-2686 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR SANCTIONS

4

also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060.

Here, plaintiff has sufficiently alleged that he has a serious medical need because he claims that he has chronic pain that affects his daily activities. *See id.* at 1059.

Defendants argue that plaintiff's allegations amount to nothing more than a difference of opinion about his medical treatment, and thus, they do not state a federal constitutional claim. While it is true that disagreements about the proper course of treatment are insufficient to violate the U.S. Constitution, *see Toguchi v. Chung*, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004), a liberal construction of plaintiff's complaint shows that plaintiff alleges that treating doctors intentionally discontinued his pain management regimen despite having knowledge that plaintiff needed the regimen due to his chronic pain. Plaintiff further alleges that once treating doctors knew that the medications were not working, they discontinued all pain management and conducted no further medical examinations. It can be reasonably inferred from these allegations that defendants knew that plaintiff was experiencing chronic pain that inhibited plaintiff's daily activities, yet defendants failed to take reasonable steps to abate it.

With respect to the supervisory defendants, plaintiff alleges that after plaintiff filed administrative grievances to receive assistance, supervisory defendants failed to act. Prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under Section 1983. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* at 1096 (citing *McGuckin*, 974

Case No. 16-CV-2686 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR SANCTIONS

F.2d at 1060).

A supervisor "can be held liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Blankenhorn v. City of Orange*, 485 F.3d 463, 485 (9th Cir. 2007) (internal citation and punctuation omitted); *Jett*, 439 F.3d at 1098 (prison administrators are liable if they knowingly fail to respond to a request for help). At this stage in the proceedings, it appears that supervisory defendants were made aware of plaintiff's serious medical need through the grievance process, could have rectified it, yet denied plaintiff's requested relief.

The court finds that a reasonable inference could be made that defendants acted with deliberate indifference. Defendants' motion to dismiss the complaint for failing to state a claim is DENIED.

B. Statute of Limitations

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. *Jones*, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code §
Case No. 16-CV-2686 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR SANCTIONS

6

352.1; *see also Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998) (per curium). The disability of imprisonment only delays the accrual of claims for damages under Section 1983 and does not delay the accrual of claims for injunctive and declaratory relief under Section 1983. Cal. Civ. Proc. § 352.1(c); *see also Fulford v. Griffith*, No. 16-CV-00770-MEJ, 2016 WL 7475607, at *4 (N.D. Cal. Dec. 29, 2016); *Mack v. Ona*, No. CIV S-05-2134-MCE-CMK-P, 2008 WL 5046060, at *6 (E.D. Cal. Nov. 21, 2008).

Thus, plaintiff had four years within which to file his claims for money damages. For injunctive and declaratory relief, plaintiff had two years within which to file his claims. Plaintiff's most recent allegation of wrongdoing by the defendants occurred on December 11, 2011, by Dr. Gamboa. Here, because plaintiff did not file his complaint until May 6, 2016, defendants argue that plaintiff's claims are barred by the statute of limitations.

However, the Ninth Circuit has held that prisoners are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process. *Brown v. Valoff*, 422 F.3d 926, 942-943 (9th Cir. 2005). If the running of the statute of limitations is apparent on the face of a complaint, a claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6). *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion." *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995) (internal citations and quotation marks omitted); *see also Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1140 (9th Cir. 2001) (stating that, "only in the rare case" could the analysis of California's equitable tolling doctrine proceed at the pleading stage).

The court cannot determine from the face of the complaint whether plaintiff's claims are barred by the applicable statute of limitations. More specifically, the court cannot determine to what extent, if any, plaintiff may be entitled to tolling of the limitations period while he exhausted

Case No. 16-CV-2686 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR SANCTIONS

7

administrative remedies. Because exhaustion of administrative remedies is an affirmative defense, plaintiff was not required to plead exhaustion in his complaint, and his failure to do so is of no consequence. Accordingly, defendants' motion to dismiss the complaint as barred by the statute of limitations must be denied. This denial is without prejudice to defendants' raising the statute of limitations as an affirmative defense in their motion for summary judgment if it is appropriate.

### C. Qualified immunity

Defendants argue that supervisory defendants Adams, Bright, Sepulveda, and Zamora are not liable based on qualified immunity because plaintiff has not shown that defendants violated a clearly established constitutional right.

The qualified immunity inquiry is separate from the constitutional inquiry for a claim of deliberate indifference under the Eighth Amendment. *Estate of Ford v. Caden*, 301 F.3d 1043, 1053 (9th Cir. 2002). A determination that there is a triable issue of fact as to whether defendants were deliberately indifferent does not necessarily preclude a finding of qualified immunity. *Id.* For a qualified immunity analysis, the court need not determine whether the facts alleged show that defendants acted with deliberate indifference. *See Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996). Rather, the court need only review the relevant law to determine whether, in light of clearly established principles at the time of the incident, the officials could have reasonably believed their conduct was lawful. *See id.* at 939 (granting qualified immunity on Eighth Amendment safety claim because reasonable prison official could have reasonably believed that defendants' conduct, as alleged, did not violate Eighth Amendment).

Liberally construing plaintiff's complaint, a reasonable inference can be made that defendants intentionally ignored plaintiff's pleas for help. Moreover, there is no evidence in the record from which the court can determine whether it would be clear to defendants that their conduct in denying or ignoring plaintiff's pleas for help was lawful. Accordingly, defendants' motion to dismiss based on qualified immunity is DENIED. This denial is without prejudice to

Case No. 16-CV-2686 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR SANCTIONS

8

renewal in defendants' motion for summary judgment if it is appropriate.

**MOTION FOR SANCTIONS**

Plaintiff has moved for sanctions against defendants. According to plaintiff, on February 6, 2017, the court ordered defendants to produce all of plaintiff's medical grievances and healthcare records from January 1, 2004 to the present. Because defendants have not produced these records, plaintiff requests non-monetary sanctions against them. In fact, the court has not ordered defendants to produce any documents to plaintiff. In the court's order of service, dated October 13, 2016, the court informed the parties that discovery may be taken in accordance with the Federal Rules of Civil Procedure, and that no further court order was necessary before the parties could conduct discovery. Plaintiff's motion for sanctions is DENIED.

**CONCLUSION**

Defendants' motion to dismiss is DENIED. Plaintiff's motion for sanctions is DENIED.

Defendants shall file one comprehensive motion for summary judgment, or notice that no such motion is warranted, no later than **sixty (60) days** from the filing date of this order. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.

Plaintiff's opposition to the motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No

hearing will be held on the motion unless the court so orders at a later date.

All communications by the plaintiff with the court must be served on defendants' counsel, by mailing a true copy of the document to defendants' counsel. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 12/18/2017

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 16-CV-2686 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR SANCTIONS